[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE NO. 114, MOTION FOR TRIAL de NOVO ANDNO. 115, MOTION FOR POST JUDGMENT HEARING
The defendant filed a motion for a trial de novo and for a post judgment hearing to determine reduction of damages for monies paid as basic reparations benefits.
The court finds after reviewing the transcript excerpt that, there is no evidence the parties entered into a stipulation that the medical expenses would represent the defendant's "no fault" lien.
Pursuant to Connecticut Practice Book § 546H the defendant could have filed an objection to the acceptance of the factfinder's report within 14 days after the filing of the Findings of Facts. No such objection was filed. Therefore, the motion for judgment filed on June 28, 1996 was granted on July 23, 1996.
At the time of the referral, the defendant did not claim that this matter could not be heard by a factfinder whose authority to CT Page 3048 hear cases is limited to those actions in which only money damages under $15,000 are claimed. General Statutes §52-549n.
In Beizer v. Goepfert, 28 Conn. App. 693, the court stated, "[T]he appropriate time for the plaintiff to challenge the referral to the factfinder would have been, at the latest, before the attorney factfinder began hearing the case." [Internal citations omitted.] Id. 703. The Beizer court concluded that the plaintiff waived his right to challenge the referral of the matter to the attorney fact finder by not raising his objections before the commencement of the hearing.
General Statutes § 52-549aa provides that the court may set aside an award of arbitrators and order a trial de novo "upon proof that the arbitrators acted arbitrarily or capriciously in the course of the hearings before them or that the award was procured by corruption or other undue means." This section does not apply as this case was not decided by an arbitrator but by a factfinder under a specific statutory scheme.
For the foregoing reasons, the motions are denied.
SANDRA VILARDI LEHENY, J.